UNITED STATES DISTRICT COURT
MIDDLE DISRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICIA TOMLINSON, JEFFREY TOMLINSON<br><br>Plaintiffs,<br><br>v.<br><br>LEZLIE BROGDON, ANDREW BROGDON<br><br>Defendants. | Civil Action No. 7:09-cv-11 (HL) |

## ORDER

Before the Court is the Defendants' Motion for Summary Judgment (Doc. 27). For the following reasons, the Defendants' Motion is granted. All other pending motions in this case (Docs. 21, 22, 23, 34, 43, 45, 47, and 49) are denied as moot.

### I.  PROCEDURAL AND FACTUAL BACKGROUND

In this diversity case, Plaintiffs Patricia Tomlinson and Jeffrey Tomlinson seek to hold Defendants Lezlie Brogdon and Andrew Brogdon liable for injuries Patricia Tomlinson sustained when she tripped and fell while visiting the Brogdons at their home.

On July 14, 2007, Patricia Tomlinson traveled from her home in Jacksonville, Florida to the Brogdons' home in Lakeland, Georgia to attend a baby shower

hosted by Lezlie Brogdon. (SOMF ¶ 1; P. Tomlinson Dep. at 85, 88).[1] Patricia Tomlinson traveled with Kelly Elder and Virginia Arnette. (P. Tomlinson Dep. at 88). Upon arriving at the Brogdons' home, Kelly Elder, Virginia Arnette, and other guests walked from the Brogdons' driveway into the Brogdons' garage and entered the house through a door in the garage. (P. Tomlinson Dep. at 96-97). The guests had entered the house through the door in the garage before Patricia Tomlinson had walked from the driveway into the garage. (P. Tomlinson Dep. at 97-98). As Patricia Tomlinson walked from the driveway into the Brogdons' garage, she fell and incurred injuries. (SOMF ¶ 2). She fell because she tripped at the entrance of the garage, where the concrete floor of the garage was approximately 1.5 inches higher then the floor of the driveway. (SOMF ¶ 6).

At the time of her fall, the sun was shining and the lighting conditions in the area of the fall were good. (SOMF ¶ 3). Nevertheless, Patricia Tomlinson testified that she did not see that the floor of the garage was higher and that as she approached the garage the garage floor looked even to the driveway. (P. Tomlinson Dep. at 89, 93). She also testified that as she walked from the driveway to the garage she was looking up in front of her and not down at the floor. (P. Tomlinson Dep. at 113, 99).

After she fell, Patricia Tomlinson was taken to the hospital for treatment. After her discharge from the hospital, she was brought back to the Brogdons' home.

---

[1] "SOMF" refers to the Brogdons' Statement of Material Facts. (Doc. 29). The cited paragraphs are those admitted by the Tomlinsons in their response to the Statement of Material Facts.

Upon arriving at the Brogdons' home, Andrew Brogdon stated that others had tripped at the garage entrance before and that he had been meaning to fix the problem. (P. Tomlinson Dep. at 108l; Arnette Aff. ¶ 10; Elder Aff. ¶ 10).

On January 27, 2009, the Tomlinsons filed their complaint in this Court alleging negligence. The Brogdons moved for summary judgment, arguing that as a matter of law Patricia Tomlinson was a licensee and they did not breach the duty of care owed to her as a licensee.

## II. ANALYSIS

### a. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a defendant's motion for summary judgment, the court takes the facts in the light most favorable to the plaintiff. Stanley v. City of Dalton, 219 F.3d 1280, 1287 (11th Cir. 2000). The court may not, however, make credibility determinations or weigh the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The initial burden lies on the movant to demonstrate that the nonmovant lacks evidence to support an essential element of its claim. Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992). The burden then shifts to the nonmovant, who must come forward with some evidence that would allow a jury to find in his

3

favor, even if the parties dispute that evidence. Id. If the evidence that the nonmovant presents, however, is "not significantly probative" or "merely colorable," then summary judgment may be granted. Liberty Lobby, 477 U.S. at 249.

### b. Willful or Wanton Injury

The standard of care owed by an owner of land depends on the status of the plaintiff. See O.C.G.A. § 51-3-1 (explaining the duty owed to invitees); O.C.G.A. § 51-3-2(b) (explaining the duty owed to licensees). In this case, the parties do not dispute that Patricia Tomlinson was a social guest in the Brogdons' home, which renders her a licensee. See Behforouz v. Vakil, 636 S.E.2d 674, 675 (Ga. App. 2006) (stating that a social guest in a person's home is a mere licensee.) (citation omitted). Georgia law provides that "[t]he owner of the premises is liable to a licensee only for willful or wanton injury." O.C.G.A. § 51-3-2(b).[2]

A landowner "owes a duty to a licensee only to avoid knowingly letting him run upon a hidden peril or willfully causing him harm." Mansfield v. Colwell Constr. Co., 530 S.E.2d 793, 796 (Ga. App. 2000) (citation omitted). It is willful or wanton "not to exercise ordinary care to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a dangerous act being done or a hidden peril on one's premises." Ellis v. Hadnott,

---

[2] Georgia substantive law applies in this diversity case. A federal court in a diversity case must apply the law, including the choice of law rules, of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941). For tort claims, Georgia follows the doctrine of *lex loci delicti*, which provides that cases should be governed by the substantive law of the place where the tort took place. Int'l Bus. Mach. Corp. v. Kemp, 536 S.E.2d 303, 306 (Ga. App. 2000). Here, Patricia Tomlinson suffered her injury in Georgia, so Georgia tort law applies.

4

639 S.E.2d 559, 585 (Ga. App. 2006) (citation omitted).  If the alleged negligence arises from a dangerous static condition on the premises, the duty is not to injure the licensee willfully or wantonly. Rice v. Elliott, 567 S.E.2d 721, 722 (Ga. App. 2002) (citation omitted).

The Brogdons argue that there is no evidence that they breached their duty of care to Patricia Tomlinson by acting willfully and wantonly.  They contend that the raised concrete floor level in the garage was an open and obvious static condition that did not constitute a mantrap or hidden peril. They also contend that whether Andrew Brogdon stated others had fallen in the area where Patricia Tomlinson fell does not create a genuine issue of material fact that the Brogdons acted willfully and wantonly because at best it shows that they may have been negligent.

The Tomlinsons argue that the Brogdons acted willfully and wantonly because Andrew Brogdon admitted that he knew other people had fallen as they walked from the driveway into the garage, yet the Brogdons did not correct the floor height levels.  They also argue that Patricia Tomlinson could not have realized that there was a change in the floor levels because it was her first visit to the Brogdons' home and she testified that she did not see the floor level change as she walked from the driveway to the garage.  Finally, the Tomlinsons note that the Brogdons did not warn Patricia Tomlinson of the change in the floor height levels.

Viewing these facts as true, as the Court must on summary judgment, the Court finds that as a matter of law there are no facts that render the Brogdons liable for willful and wanton injury.  In deciding whether conduct was willful, wanton, or negligent, Georgia courts have stated that "[i]t has long been the position of this court that the mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence." Howard v. Gram Corp., 602 S.E.2d 241, 243 (Ga. App. 2004) (citation omitted). Georgia courts have also found that whether the defendant knew that another person had stumbled previously upon the step does not create a genuine issue of material fact.  "The fact that someone had previously fallen on the steps would not create a negligent condition where none had existed before."  Wilson v. Duncan, 440 S.E.2d 550, 551 (Ga. App. 1994) (citing Lamberson v. Norris, 218 S.E.2d 658, 661 (Ga. App. 1975)).

Applying these Georgia court findings to this case, the Court concludes that a homeowner is not negligent, let alone willful and wanton, for merely maintaining a height difference between the driveway and the garage floor. Moreover, whether Andrew Brogdon knew that the others had stumbled and fallen on the step-up from the driveway to the garage is not evidence showing that the Brogdons acted willfully and wantonly.

While Patricia Tomlinson stated that she did not see the difference in the concrete heights because the floors looked even, her other testimony disclosed that this statement was conclusory.  She testified that she was not looking at the

ground, but ahead as she walked from the Brogdons' driveway into the garage. There are no facts showing that the place of injury was a mantrap or a hidden peril because it was poorly lit or because the height difference would not have been visible to those who looked at the floor. See Lamberson, 218 S.E.2d at 660 (finding that there was no willful or wanton conduct and no negligence because there was no allegation that the place of the injury occurred was improperly lit so that the step would not have been plainly visible to those who looked at the floor). There are also no other facts in the record showing that the Brogdons acted willfully and wantonly. For example, there are no facts indicating that there was an unusual construction in the garage floor or that the Brogdons knew that Patricia Tomlinson suffered from a unique infirmity rendering her incapable of navigating the floors' height differences.

Finally, the Brogdons' failure to warn Patricia Tomlinson that the garage floor was higher does not constitute willful and wanton conduct. "Warnings of a condition which are or should be obvious are not required." Id. (citation omitted).

Accordingly, there is no evidence that the Brogdons acted willfully or wantonly or that height difference between the concrete levels of the driveway and the garage was a mantrap or a hidden peril. The Tomlinsons have failed to create a genuine issue of material fact as to whether the Brogdons breached their duty of care owed to Patricia Tomlinson. Summary judgment must be granted to Defendants on the Tomlinsons' negligence claim.

### c. Loss of Consortium Claim

Summary judgment must also be granted to the Brogdons on Jeffrey Tomlinson's loss of consortium claim. Jeffrey Tomlinson's claim is a derivative claim, stemming from Patricia Tomlinson's personal injury claim. "One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other." White v. Hubbard, 416 S.E.2d 568, 570 (Ga. App. 1992) (quotations and citation omitted).

If one spouse's personal injury claim fails then the spouse's loss of consortium claim also fails. Id.  In this case, since the Brogdons are not liable to Patricia Tomlinson for her injuries, they are not liable to Jeffrey Tomlinson for loss of consortium.

### III. CONCLUSION

For the explained reasons, the Brogdons' Motion for Summary Judgment (Doc. 27) is granted.   All other pending motions are denied as moot.

**SO ORDERED**, this the 14th day of April, 2010.

                                  *s/ Hugh Lawson*
                                  **HUGH LAWSON, SENIOR JUDGE**

lmc